NOT FOR PUBLICATION

United States District Court
for the District of New Jersey

TERRELL HALLEY,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil No.: 12-2754 (KSH)

**Opinion**

**Katharine S. Hayden, U.S.D.J.**

After the Court ruled in favor of Terrell Halley in his appeal from the denial of Supplemental Security Income benefits, his attorney, Agnes S. Wladyka, applied for attorney's fees under the Equal Access to Justice Act (EAJA, 28 U.S.C. § 2412(d)) in the amount of $9,651.90, representing 51.8 hours of work. The application was supported by a memorandum [D.E. 37-1] and a certification of services [D.E. 37-3]. The Commissioner filed opposition [D.E. 41], contending that the fee must be reduced because the number of hours billed is excessive.

Wladyka filed a reply [D.E. 44] supported by legal authority and argument, along with a supplemental certification [D.E. 45] setting forth the additional time she spent in defending the fee request. With the extra hours, the fee request is now $11,999.66. She points out that the Commissioner, in contesting the fee amount and suggesting that a cap of 40 hours per Social Security appeal should guide the Court, has spent time and money "well above the hoped for reduction of $2,198.70." (Reply 4.) Implied in that calculation is the time spent by the Commissioner's lawyers raising the Commissioner's objections and the time this Court is spending in addressing them.

On the merits, Wladyka has far and away the better argument, if one looks for guidance from presumptive formulas developed over the years. Where the Commissioner argues that a range of 20 to 40 hours of attorney time is the benchmark for EAJA fee awards, Wladyka counters with decisions in this District where judges have approved three hours of time billed per page of briefing. This formula would start her off with 60 hours "in the bank," as it were, based solely on her 20 page brief in support of her client, with substantially more billable time spent preparing for and presenting oral argument. Wladyka further cites case after case where far-greater fees were approved in this and other districts. (*See* Reply 3.) As Wladyka notes, in several of those cases, judges awarded legal fees in higher amounts than what she asks for in cases where the Commissioner conceded error and agreed to a remand.

Here, the matter was litigated by the Commissioner all the way, and Wladyka was put through her paces to achieve a favorable result for her client. Among her required services was preparation of a letter pursuant to Local Rule 9.1, setting forth the reasoning behind her challenge to the finding of no disability. Interestingly, and in a time- and fee-saving gesture (the amount charged was .8 hours for "file review and Initial letter to AUSA," Certification 3), Wladyka made a targeted statement of the case by referring the Commissioner to specific pages of the administrative record. In response, after requesting and obtaining an extension of time, counsel for the Commissioner filed the agency's customary three line Rule 9.1 form letter,[1] leaving Wladyka no choice but to continue litigation and devote the hours at issue. It is ironic that the Commissioner now suggests that Wladyka should be cabined in the amount of time she spent on litigating after she made an obvious effort to cut to the chase.

---

[1] It reads in full: "We are in receipt of your August 22, 2012 letter, required by amended Local Rule 9.1, in which you set forth the bases for your appeal. After a full review of the record and of your contentions, we do not agree that this case should be remanded to the Commissioner." (Dec. 7, 2012 Letter [D.E. 16].)

Ironic and disheartening. Agnes Wladyka appears regularly before administrative law judges and the judges of the district court. She has filed scores of fee applications and they have been paid without protest from the Commissioner or reduction by the district judges. Her work is credible and her ethics are, to this Court's knowledge, unimpeachable. Now, after all these years and handshakes following oral argument and who-knows-how-many cordial phone calls arranging for adjournments[2] or double checking on procedure, the Commissioner's present submission calls Wladyka's integrity into question by characterizing this routine application as fee padding. In the Commissioner's rendering, Wladyka is trying to get paid more than she deserves.

The Court finds otherwise in reviewing the certification of services. The line items and time attributed are reasonable; the presentation at oral argument was professional and effective; the quality of Wladyka's written submissions reflect the time and experience involved. By way of example, the moving brief contains definitions and background information on the plaintiff's medical condition that greatly assisted the Court, and throughout the brief reflected a thorough assessment of the entire administrative record, which exceeded 350 pages. The references to specific parts of the administrative record, moreover, are accurate and the reasoning is legally sound. With this in mind, the Court easily rejects the Commissioner's contention that 22 hours was an excessive amount of time to review the record and write the brief. Similarly, billing seven and a half hours to review the Commissioner's opposition and write a reply is reasonable. Six and a half hours to prepare for and attend oral argument is entirely reasonable, even low.[3]

---

[2] Counsel for the Commissioner supported her request for an extension to reply under Local Rule 9.1 with the statement: "Ms. Wladyka graciously consents to an extension until December 7, 2012." (Dec. 3, 2012 Letter [D.E. 14].)

[3] The Court is constrained to observe that the Commissioner's own performance before this Court on the issue of legal fees charged by experienced practitioners has fallen well below par. In *Pepe v. Commissioner*, No. 13-1614, the Commissioner filed a letter brief on January 17, 2014

The Court approves Agnes Wladyka's fee application in the amount of $11,999.66 and will enter an appropriate order.

January 29, 2014 /s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

objecting to legal fees sought by the firm of Langton & Alter based on an argument specifically rejected by this Court a full month earlier on December 18, 2013. Notwithstanding, and without any reference to the Court's decision, Commissioner represented that 12 cases raising the same issue were "under consideration" in this District. In fact, five of the cited cases had been decided against the Commissioner.